Dear Ms. Butler:
This office is in receipt of your request for an opinion regarding whether the Louisiana Housing Finance Agency ("LHFA") can help fund training seminars for real estate agents who want to learn about affordable housing loan programs. Specifically, you have asked us to address whether such funding would be in violation of La. Const. (1974) Art. VII, Sec. 14.
As you may be aware, La. Const. (1974) Art. VII, Sec. 14(A) contains a general prohibition against the loan, pledge or donation of funds, credit, property or things of value of the state. Exceptions to this prohibition are found in Art. VII, Sec. 14(B), which pertinently provides:
 "Nothing in this section shall prevent (1) the use of public funds for program of social welfare for the aid and support of the needy . . ."
The Supreme Court has interpreted Art. VII, Sec. 14 to be violated whenever the State or a political subdivision seeks to give up something of value when it is under no obligation to do so. City of Port Allen v. Louisiana Municipal Risk Management Agency, 439 So.2d 399 (La. 1983). This office has construed the "legal obligation" requirement referred to in the City of Port Allen decision to be a requirement that the purpose and power for a particular expenditure of public funds be "sanctioned" or "authorized by law" or in the "discharge of a legal duty". Attorney General's Opinion No. 92-204.
It is noteworthy that R.S. 40:600.6A, contained within the Louisiana Housing Finance Act, provides the agency with:
 ". . . the powers necessary or convenient to carry out and effectuate the purposes and provisions of this Chapter, including the following powers . . .
 * * *
 (11) Undertake and carry out or authorize the completion of studies and analyses of housing conditions and needs within the state and ways of meeting such needs, to make such studies and analyses available to the public and to the housing industry, and to engage in research to disseminate information on housing."
In our opinion, R.S. 40:600.6A, and in particular section (11) thereof, provides the LHFA with the obligation and authority to make its findings and information regarding its programs available to the housing industry and the public. Accordingly, and in conformity with La. Const. (1974) Art. VII, Sec. 14, it is the opinion of this office that the LHFA can help fund training seminars for real estate agents who want to learn about affordable housing loan programs which are designed to assist persons of low income.
Trusting this opinion has adequately addressed your concerns, I am,
Yours very truly,
 Richard P. Ieyoub Attorney General
 By: Jeanne-Marie Zeringue Barham Assistant Attorney General